### UNITED STATES v. MILLER.

#### (District Court, S. D. Florida.   April, 1918.)

1. ARMY AND NAVY ⬛40—SELECTIVE SERVICE LAW—EVASION—OFFENSES.

An indictment charged in count 1, that defendant, having been subject to registration under Selective Service Law May 18, 1917, c. 15, 40 Stat. 76, and duly registered thereunder, shortly afterward transferred property worth more than $25,000 and producing a yearly income of $1,700, in trust for the term of ten years, the principal and income to be invested and reinvested during the term, except $480 a year, which was to be applied to the payment of interest on a mortgage on defendant's residence; that having been selected for service, defendant claimed exemption and made and presented to the local board an affidavit that his wife was dependent upon him for support; that he had no property, except a small amount listed and his residence, subject to a purchase-money mortgage for $6,000, and no source of income,

---

⬛For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

except the earnings from his law practice; that by means of such affidavit defendant secured exemption, and thereby evaded the requirements of the act, and failed and neglected to perform a duty required of him by said act. Count 2 charged that such affidavit constituted a false statement "as to fitness and liability" of defendant for service, in violation of section 6 of the act; and count 3 that it constituted the crime of perjury, under section 125 of the Criminal Code (Act March 4, 1909, c. 321, 35 Stat. 1111 [Comp. St. 1916, § 10295]). *Held* that all three counts were good as against a demurrer.

2. ARMY AND NAVY ⬩⟾20—SELECTIVE SERVICE ACT—REGULATIONS FOR ENFORCEMENT.

The regulations prescribed by the President under Selective Service Law May 18, 1917, c. 15, § 4, 40 Stat. 78, for ascertaining the status of persons selected thereunder, and their right to exemption, will be taken judicial cognizance of by the courts, and have the force of law.

Criminal prosecution by the United States against Oscar Samuel Miller. On demurrer to indictment. Overruled.

Herbert S. Phillips, U. S. Atty., of Tampa, Fla., and Fred Botts, Asst. U. S. Atty., of Jacksonville, Fla.

W. M. Toomer and John W. Dodge, both of Jacksonville, Fla., for defendant.

CALL, District Judge. [1] The first count of the indictment alleges that the defendant was subject to registration, and did register on June 5, 1917, under the Draft Act, and the proclamation of the President; that on July 19, 1917, the defendant conveyed to L. P. McCord for ten years, by a declaration of trust and assignment of mortgage, property of the value of $25,300, said property providing an income of $1,700 per annum, the principal and interest to be invested and reinvested for said term; that none of said interest or property be paid over to said defendant, or any one for him, until the expiration of said 10 years, except the payment out of the income of the semiannual interest on a $6,000 mortgage upon the home of the defendant; that after the execution of the trust above stated the defendant was regularly drawn and designated for military service; that after being so drawn and notified he made out on the 10th day of September, 1917, an affidavit and presented same to the local exemption board, claiming exemption because his wife was dependent on him for support and he had no source of income except his law practice, and wherein he alleged that he owned only the property listed and none other, to wit, his home, subject to a $6,000 purchase-money mortgage, unpaid, an automobile, small library, and office furniture; that his only source of income is his law practice; that the local exemption board exempted the defendant's said claim, which action was duly approved by the district exemption board. Wherefore the defendant evaded the requirements of the act and failed and neglected to fully perform a duty required of him in the execution of the act.

Second Count. The second count repeats the allegations above noted, and alleges that it was material for the local board to ascertain whether the defendant was fit or liable for military service or was entitled to exemption; that in determining these questions it was ma-

terial to ascertain whether the defendant had a wife dependent upon him for support under the law and rules and regulations made pursuant to the act; that it thereupon became material to ascertain whether the defendant possessed income-producing property, or any source of income, other than his earnings from the practice of law. It then alleges that the affidavit was false, in that the defendant had a source of income other than the practice of law, to wit, $480 per annum to be paid out of property placed in trust as interest of the mortgage on the home. Wherefore the defendant made a false statement and certificate as to his fitness and liability for military service.

Third Count. The third count, after repeating the allegations of the second count, alleges that the defendant went before an officer duly authorized to administer oaths and made the affidavit set out in said second count; that under the rules and regulations prescribed under the act it was authorized and prescribed that a person claiming exemption from service on the ground of a dependent wife might make, execute, and file with the exemption board affidavits of himself and others concerning the question whether or not said claimed dependent wife was in fact dependent for support; that said affidavit was made in a case in which the same was authorized by law, and in which the same was material; that it was a statement concerning the fitness and liability of the defendant for service under the act, which matter was then and there being inquired into by the local exemption board having jurisdiction of the matter, and was material to the question to be decided; that said affidavit was false, in that the declaration of trust provided for the payment out of the income of said trust $480 semi-annual interest on the $6,000 mortgage, and said defendant had therefore an income of $480 not earned in the practice of law, and this the defendant then and there well knew. Therefore that the defendant did commit willful perjury.

The defendant demurs to the indictment, and to each count thereof.

Section 2 of the act approved May 18, 1917, known as the Selective Service Law, among other things provides:

"Such draft as herein provided shall be based upon liability to military service of all male citizens, or male persons not alien enemies, who have declared their intention to become citizens, between the ages of 21 and 30 years, both inclusive, and shall take place and be maintained under such regulations as the President may prescribe, not inconsistent with the terms of this act."

Section 4 exempts certain classes, and then provides:

"And the President is hereby authorized to exclude or discharge from said selective draft * * * persons of the following classes: * * * Those in a status with respect to persons dependent upon them for support, which renders their exclusion or discharge advisable."

Section 6 among other things provides:

"And any person who shall make or be a party to the making of any false statement or certificate as to the fitness or liability of himself * * * for service under the provisions of this act, or regulations made by the President thereunder, or otherwise evades * * * the requirements of this act or of said regulations * * * shall * * * be guilty of a misdemeanor."

Section 125 of the Criminal Code prescribes what shall constitute perjury and provides the punishment. The regulations promulgated by the President under section 4 of the act provides for the exemption of "any married man whose wife or child is dependent upon his labor for support." This includes mental or physical labor, and the dependent must be mainly supported by such labor.

The demurrer admits that all the facts well pleaded are true in each of the counts. The first count charges the facts set out therein, a résumé of which is set out above, and charges those facts constitute an evasion of the Draft Law. The second count sets out certain facts, and charges that those facts constitute the offense of making a false statement to evade the act. The third count charges perjury under section 125 of the Criminal Code. If the allegations contained in each of the first two counts, if true, would constitute an evasion of the Draft Law, then the demurrer must be overruled. In my judgment the demurrer is not well taken to those two counts.

[2] In regard to the third count, charging perjury, the truthfulness of that portion of the affidavit in which affiant swore that his only source of income was his professional practice, it is claimed that the fact that a fund of $480 per annum to pay interest on the mortgage was immaterial, and therefore the charge of perjury could not be based upon the falseness of that fact. But under the act in question the question before the local exemption board was whether the affiant was exempt from military service for the reason that he was a married man with a wife dependent on his labor for support, and the decision of this question was invoked by the affiant. In the decision of this question the financial condition of the applicant, his income, and sources of such income were material matters to be submitted to the board, the consideration of which would necessarily influence its decision. The exemption provided for in the statute is:

"Those in a status with respect to persons dependent upon them for support which renders their exclusion * * * advisable."

The regulations prescribed by the President, for the ascertainment of this status, required the showing to be made by affidavit. As I understand the law, courts will take judicial cognizance of these regulations prescribed pursuant to the law, for the procedure in claims for exemption, and that such regulations have the force of law.

I am therefore of opinion that the third count states a case of perjury against the defendant, and the demurrer to the third count will be overruled.